IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHIRLEY A. DAVIS                                                                                    PLAINTIFF

vs.                                         Civil No. 6:22-cv-06038

COMMISSIONER, SOCIAL                                                                       DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Shirley A. Davis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability.  Plaintiff proceeds *pro se.*

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff filed her disability application on October 2, 2019.  (Tr. 16).  In this application, Plaintiff alleges being disabled due to glaucoma, myopia, and cataracts.  (Tr. 202).  In this application, Plaintiff alleged an onset date of March 30, 2018.  (Tr. 16).  This application was denied initially on February 12, 2020, and it was denied again on reconsideration on April 14, 2020.  *Id.*

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 13.  These references are to the page number of the transcript itself not the ECF page number.

1

Plaintiff then requested an administrative hearing, and this hearing request was granted. (Tr. 42-65).

Plaintiff's administrative hearing was held in Hot Springs, Arkansas on March 11, 2021. (Tr. 42-65). At this hearing, Plaintiff and Vocational Expert ("VE") William Elmore testified. *Id.* During this hearing, Plaintiff testified she was sixty-seven (67) years old; and as for her education, she had obtained her college degree. (Tr. 49-50).

On April 8, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 13-22). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act on March 31, 2019. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of March 30, 2018 through her date last insured of March 31, 2019. (Tr. 18, Finding 2). The ALJ determined Plaintiff had the following medically determinable impairments: headaches, irritable bowel syndrome, cervical degenerative disc disease, glaucoma, and left eye cataracts. (Tr. 18, Finding 3).

Although medically determinable impairments, the ALJ also found they were not severe. (Tr. 19-22, Finding 4). As such, because she had no severe impairments, the ALJ found Plaintiff had not been under a disability, at any time from March 30, 2018 (alleged onset date) through March 31, 2019 (date last insured). (Tr. 22, Finding 5). Plaintiff sought review with the Appeals Council. (Tr. 6-10). That request was denied. *Id.* On April 11, 2022, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 27, 2022. ECF No. 7. This case is now ready for decision.

**2.** **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's

2

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly

limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims this case is not supported by substantial evidence in the record. ECF No. 18 at 1-9. As stated in her appeal brief, Plaintiff raises one issue for reversal: "Did the Social Security Commission and or its representatives review all supportive documents, exhibits and testimony, submitted as evidence for evaluation, in order to arrive at an objective and informed decision regarding the question of Plaintiff's disability and whether that evidence directly and objectively proved or disproved Plaintiff['s] eligibility for Social Security Disability benefits?" In response, Defendant argues Plaintiff did not demonstrate she was disabled prior to the expiration of her insured status; as such, Defendant claims this case should not be reversed and should be affirmed. ECF No. 15. This Court will consider Plaintiff's argument for reversal.

Based upon the Court's review of the record in this case, the Court cannot find a basis for reversal. Plaintiff's date last insured was March 31, 2019. (Tr. 18, Finding 2). Prior to her insured status expiring, Plaintiff's treating physician discontinued treatment of Plaintiff because she did not follow her prescribed course of treatment for her glaucoma. (Tr. 344). The relevant portion of that record, dated March 4, 2019, is as follows:

4

> I wanted to update you on the status of our mutual [patient], Ms. Davis, who I first saw in August of 2018. I sent you a letter at that time, and I had recommended that she increase her medical therapy from Travatan and timolol to Latanoprost and Cosopt, because of the severity of her glaucoma and her young age. Her pressure was 18 in the right and 20 in the left at that first visit. I saw her back two months later, and she never started the recommended medications. I wondered if it was a financial issue, and I have her Good Rx coupons to assist in the cost. I saw her back in January, and she once again had not started the medication for some reason. She had never even gone to the pharmacy to check the price. At each of these three visits, I have also discussed with her laser and surgical options. *At this point, she is just not interested in treating her glaucoma any more aggressively, and despite my best efforts to convince her of the importance, I do not think I am getting through to her.* I discussed with her that I am not longer comfortable taking care of her, if she is not going to allow us to treat her glaucoma any more aggressively. She is going to return to keeping her regular follow-up appointments with you, since I do not have anything else to offer her other than what you have. Good luck in the care of this difficult lady, and unfortunately I agree with you that she has a very high risk of glaucoma related blindness in the future.

(Tr. 344) (emphasis added).

As recognized in this letter, Plaintiff entirely refused to treat her medical condition— glaucoma— which she is now claiming causes her to be disabled. The ALJ fully considered this letter in his opinion and Plaintiff's other medical records. The ALJ then noted a "pattern of refusing recommended medical intervention." (Tr. 20).

The Court has reviewed the ALJ's consideration of this letter and Plaintiff's medical treatment prior to her date last insured. Based upon that review, the Court finds the ALJ's decision to rely upon these medical records and find Plaintiff was not disabled due to her non-compliance with treatment during the relevant timeperiod was entirely proper. *See Johnson v. Bowen,* 866 F.2d 274, 275 (8th Cir. 1989) (affirming the ALJ's decision to deny disability benefits partly because of the "appellant's failure to follow the prescribed course of treatment for his seizures"). Thus, the Court finds the ALJ properly considered Plaintiff's medical records and properly denied disability benefits, and there is no basis for reversal.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported

by substantial evidence in the record and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of January 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE